UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE LASHLEY, | No. 2:18-cv-3013 MCE DB PS |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

On January 14, 2019, the undersigned granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to submit to the United States Marshal the documents necessary for service of process. (ECF No. 4.) Plaintiff was also ordered to file in this court a declaration stating the date on which the documents were submitted to the United States Marshal within five days after submitting those documents.

Despite the considerable passage of time, plaintiff did not file a declaration stating the date on which the documents necessary for service were submitted to the United States Marshal

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1

and the defendant has not appeared in this action. Accordingly, on October 2, 2019, the court issued an order to show cause as to why this case should not be dismissed for lack of prosecution. (ECF No. 9.)

On October 8, 2019, plaintiff filed a response stating that "U.S. Marshal Service and its Form USM-285 was used October 8, 2019." (ECF No. 10 at 1.) However, the United States Marshal's Office informally informed the court that plaintiff did not submit all documents necessary for service. Accordingly, on November 15, 2019, the court issued plaintiff another order to show cause regarding service, advising that plaintiff did not submit all the necessary documents for service. (ECF No. 11.)

On November 18, 2019, plaintiff filed a motion for the appointment of counsel. (ECF No. 12.) However, federal district courts lack authority to require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel under the federal in forma pauperis statute, but only under exceptional circumstances. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, at this early stage of the proceedings the court cannot evaluate plaintiff's likelihood of success. Plaintiff's request for the appointment of counsel will, therefore, be denied. Also, on November 21, 2019, plaintiff filed another document asserting that plaintiff had submitted all necessary documents for service. (ECF No. 13.)

However, the court has again been informally advised by the United States Marshal that plaintiff did not in fact submit all documents necessary for service. The court is cognizant of the challenges faced by pro se litigants. This action, however, cannot continue without proper service on the defendant. Plaintiff, therefore, will be granted additional time to submit the necessary documents for service.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 18, 2019 motion for the appointment of counsel (ECF No. 12) is denied;

2. Within sixty days of the date of this plaintiff shall submit to the United States Marshals Service, at 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030), the documents necessary for service; and

3. Within twenty-one days of submitting the documents to the United States Marshals Service plaintiff shall file a declaration stating: (1) exactly what documents were submitted; (2) the date and time of the submission; (3) how the documents were submitted; and (4) if submitted in person, to whom.

Dated: April 13, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lashley3013.further.osc.serv2

3