UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SHANE LASHLEY, | No. 2:18-cv-3013 MCE DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge failed to properly consider plaintiff's criminal record and improperly evaluated the evidence.[3] For the reasons stated below, the undersigned

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] This matter has been referred to the undersigned pursuant to Local Rule 302(c)(15).

[3] Plaintiff filed a motion for summary judgment and a second motion for summary judgment, which reiterates the arguments found in the original motion. (ECF Nos. 8 & 26.) In light of plaintiff's pro se status, the undersigned has considered both motions in evaluating plaintiff's claims.

1

recommends that plaintiff's motion for summary judgment be denied, the decision of the Commissioner of Social Security ("Commissioner") be affirmed, and this action be closed.

## PROCEDURAL BACKGROUND

On May 6, 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on February 28, 2011. (Transcript ("Tr.") at 362-70.) Plaintiff's alleged impairments included "mental issues," "State Violent Felony Convictions," depression, anger issues, and anxiety. (Id. at 403.) Plaintiff's applications were denied initially, (id. at 192-96), upon reconsideration, (id. at 198-202), and after an administrative hearing before an Administrative Law Judge. (Id. at 186.) However, on December 6, 2016, the Appeals Council vacated the ALJ's decision and remanded the matter for a new hearing. (Id. at 167-69.)

A hearing was held before an ALJ on August 17, 2017. (Id. at 35-77.) Plaintiff was unrepresented and testified at the administrative hearing. (Id. at 42.) In a decision issued on December 7, 2017, the ALJ found that plaintiff was not disabled prior to March 10, 2016, but became disabled on that date and continued to be disabled through the date of the decision. (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. Since the alleged onset date of disability, February 28, 2011, the claimant has had the following severe impairments: chronic bilateral knee pain, status post bilateral knee surgery, status post left total knee replacement surgery, mild lumbar degenerative changes, adjustment disorder with depressed mood, and antisocial personality disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. Since the alleged onset date of disability, February 28, 2011, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that prior to March 10, 2016, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except stand for four hours with breaks, walk four hours with breaks, have a sit/stand option, occasionally perform postural activities but no climbing ladders/ropes/scaffolds, climb ramps and stairs frequently, use assistive device to walk on even/uneven surfaces, and avoid concentrated exposure to hazards (these are supported by his chronic bilateral knee pain, status post bilateral knee surgery, mild lumbar degenerative changes, and partially substantiated pain complaints, see below). Mentally, can perform simple, detailed and complex jobs but have limited, rare, interaction with the public, occasional contact with co-workers and frequent interaction with supervisors (these limits are supported by his adjustment disorder with depressed mood, antisocial personality disorder, and slightly too partially substantiated mental complaints, see below).

6. After careful consideration of the entire record, the undersigned finds that beginning on March 10, 2016, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except stand for four hours with breaks, walk four hours with breaks, have a sit/stand option, occasionally perform postural activities but no climbing ladders/ropes/scaffolds, climb ramps and stairs frequently, use assistive device to walk on even/uneven surfaces, and avoid concentrated exposure to hazards (these are supported by his chronic bilateral knee pain, status post bilateral knee surgery, mild lumbar degenerative changes, and partially substantiated pain complaints, see below). Mentally, can perform simple, detailed and complex jobs but have limited, rare, interaction with the public, occasional contact with co-workers and frequent interaction with supervisors (these limits are supported by his adjustment disorder with depressed mood, antisocial personality disorder, and slightly too partially substantiated mental complaints, see below).

7. Since February 28, 2011, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was a younger individual who became an individual closely approaching advanced age. Since the disability onset date, the claimant's age category has changed to an individual of advanced age (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Prior to March 10, 2016, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Beginning on March 10, 2016, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11.  Prior to March 10, 2016, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

12.  Beginning on March 10, 2016, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

13.  The claimant was not disabled prior to March 10, 2016, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 14-27.)

On October 17, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's December 7, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 20, 2018. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

////

////

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ failed to consider the impact of plaintiff's criminal convictions on the ability to obtain employment; and (2) the ALJ improperly evaluated the medical evidence. (Pl.'s MSJ (ECF No. 8) at 2-3.[4])

**I.    Plaintiff's Criminal Convictions**

Plaintiff argues that plaintiff has been "discriminated against and not allowed employment due to his past criminal convictions," and therefore, "must be awarded disability benefits starting August 12, 2011." (Pl.'s MSJ (ECF No. 8) at 2.) However,

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> . . . the Social Security Act defines disability as the inability to perform any substantial gainful activity by reason of a medically determinable impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. See 42 U.S.C.A. § 423(d)(1)(A) (2003); see also 20 C.F.R. § 404.1505(a). However, a felony conviction is neither a medically determinable impairment nor a functional limitation caused by a medically determinable impairment. Therefore, it should not be considered by the ALJ in determining whether Plaintiff is entitled to SSI benefits. Furthermore, Plaintiff's felony convictions should not give him an advantage over another SSI claimant who has no felony convictions. The Social Security Administration has explained that it will not consider non-medical factors that disallow a claimant from finding work. See 20 C.F.R. § 416.966(c).

Saucedo v. Barnhart, No. 2:03-CV-625 SA, 2004 WL 2303451, at *7 (D. Utah Oct. 12, 2004); see also Campbell v. Colvin, No. 1:13-cv-0109-MP-CAS, 2014 WL 1744139, at *10 (N.D. Fla. Apr. 30, 2014) ("Plaintiff's criminal record is not a basis on which to find him disabled."); Williams v. Astrue, No. 3:07-cv-1030-J-TEM, 2009 WL 789899, at *11 (M.D. Fla., Mar. 23, 2009) ("the potential negative perception employers may or may not have regarding a four-time convicted felon is, at most, irrelevant").

Accordingly, the undersigned recommends that plaintiff's motion for summary judgment with respect to this claim be denied.

**II.     Medical Evidence**

Plaintiff argues that the ALJ "ruled that Dr. [Eric] Schmitter" opined that plaintiff "did not have an impairment of listing severity," when Dr. Schmitter in fact "stated that he could make no decision due to insufficient evidence," and "was unable to 'rate' Plaintiff's Ability to Do Work-Related Activities[.]" (Pl.'s MSJ (ECF No. 8) at 3.) Plaintiff's characterization of Dr. Schmitter's interrogatory responses are accurate. (Tr. at 686-89.)

However, the ALJ's opinion also relied on Dr. Schmitter's testimony given at the August 17, 2017 hearing. (Id. at 15.) "Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). Dr. Schmitter testified that plaintiff's knee impairments did not meet or equal a listing impairment through August of 2013, while the evidence was incomplete thereafter. (Tr. at 64-66.)

Moreover, the ALJ found that plaintiff's knee surgeries constituted severe impairments and discussed plaintiff's knee impairments surgeries throughout the opinion. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4.  As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless.").

For these reasons, the undersigned finds that plaintiff has failed to establish any error by the ALJ let alone harmful error.  Accordingly, the undersigned recommends that plaintiff's motion for summary judgment also be denied as to this claim.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 7, 2019 motion for summary judgment (ECF No. 8) be denied;

2. Plaintiff's March 25, 2021 motion for summary judgment (ECF No. 26) be denied;

3. Defendant's cross-motion for summary judgment (ECF No. 27) be granted;

3. The Commissioner's decision be affirmed; and

4. The Clerk of the Court be ordered to enter judgment for defendant and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lashley3013.f&rs

7